IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA, et al. )<br>)<br>    Plaintiffs, )<br>    v. )<br>) Civil Action No. 18-cv-3086-RC<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES, et al. )<br>)<br>    Defendants. )<br>_____) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS**

Plaintiffs hereby oppose Defendants' Motion for Stay filed January 18th, 2019 ("Def. Mot.") [Docket #6]. Plaintiffs request that this Court deny the motion for a stay or, in the alternative, grant a stay of the litigation <u>together</u> with a stay on the effective date of the noticed regulation. Plaintiffs recognize, as Defendants' Motion points out, that the federal government currently is under a partial shutdown, and for that reason, Defendants have asked for a stay of these proceedings. Although counsel for Defendants may be required to seek to defer pending civil litigation during the shutdown, there are important reasons for this litigation to continue.

    Moreover, there are federal policies in place for this litigation to continue. The challenged regulation's 90-day clock began ticking upon publication in the Federal Register, which occurred on December 26, 2018 — several days after the government shutdown began. The date purposefully chosen by Defendants for publication of its regulation was the day after Christmas and just before the New Year. Defendants ask this Court to place the litigation on hold indefinitely while the clock on the effective date of the

proposed regulations continues to tick. A stay in this case necessarily would be open-ended, as Defendants admit, "[t]he Department does not know when funding will be restored by Congress." Def. Mot at 1.

Time is of the essence in this case. The noticed regulation will go into effect on March 26, 2019, at which time bump stock owners must have either destroyed or surrendered their property. If Defendants' stay is granted, Plaintiffs and all other similarly situated individuals will be forced to surrender or destroy their property without having been allowed to avail themselves of the judicial process. Multiple other Courts have rejected the Department of Justice's attempts to stay litigation in similarly time sensitive litigation. *See Guedes et al v. Bureau of Alcohol, Tobacco, Firearms, And Explosives et al*, U.S.D.C District of Columbia, 18-cv-2988 [Minute Order 1/11/2019]; *Gun Owners of America, Inc. et al. v. Whitaker, et al*, U.S.D.C. Western Division of Michigan, 18-cv-1429-PLM [Docket 20]. Further, in other litigation, government defendants have indicated that "the Department of Justice Fiscal Year 2019 Contingency Plan allows Defense Counsel to continue to litigate this matter so long as this Court orders them to do so." *See Lucas R., et al. v. Alex Azar, Secretary of U.S. Dep't of Health and Human Services, et al*, U.S.D.C. Central District of California, 18-cv-5741-DMG [Docket #142].

Ultimately a motion to stay is equitable relief and it would defy equity to allow the federal government to ban private property and then strip the sole remedy Plaintiffs have in challenging this ban by imposing a shutdown of the government.

Plaintiffs respectfully request that this Court deny Defendants' motion to stay, or in the alternative, to stay the litigation <u>and</u> stay the effective date of the noticed regulation

so that the Plaintiffs, and all other similarly situated individuals, are not prejudiced by the stay.

Dated: January 21, 2019

                                                Respectfully Submitted,

| */s/ Stephen D. Stamboulieh* | */s/ Alan Alexander Beck* |
|---|---|
| Stephen D. Stamboulieh | Alan Alexander Beck |
| Stamboulieh Law, PLLC | Law Office of Alan Beck |
| P.O. Box 4008 | 2692 Harcourt Drive |
| Madison, MS  39130 | San Diego, CA  92123 |
| (601) 852-3440 | (619) 905-9105 |
| stephen@sdslaw.us | Alan.alexander.beck@gmail.com |
| DC District Court Bar# MS0009 | DC District Court Bar# HI001 |
| *Counsel for Plaintiffs* | |

3

**CERTIFICATE OF SERVICE**

      I, Stephen D. Stamboulieh, hereby certify that I have filed with the Clerk of this Court, a true and correct copy of the foregoing document or pleading, utilizing this Court's CM/ECF system, which generated a Notice and delivered a copy of this document or pleading to all counsel of record.

Dated: January 21, 2019.

                                    */s/ Stephen D. Stamboulieh*
                                    Stephen D. Stamboulieh