**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID CODREA,<br>            *et al.*<br><br>                          Plaintiffs,<br><br>      v.<br><br>BUREAU OF ALCOHOL, TOBACCO<br>FIREARMS, AND EXPLOSIVES,<br>            *et al.*<br><br>                          Defendants. | Case No. 1:18-cv-03086-RC<br>The Hon. Judge Contreras |

**JOINT STATUS REPORT**

Pursuant to this Court's January 22, 2019 Minute Order instructing the parties to meet, confer, and report on whether this matter is related, within the meaning of Local Civil Rule 40.5, to *Guedes v. ATF*, No. 18-cv-2988, the parties hereby submit this Joint Status Report, in which they agree that Local Rule 40.5 provides authority for the Court to designate this action as related to *Guedes v. ATF*, No. 18-cv-2988. *See* LCvR 40.5(a)(3)(iii) (civil cases are "deemed related when the earliest is still pending on the merits in District Court and they . . . grow out of the same event or transaction"). The parties do not oppose the designation of this case as related to *Guedes*.

The parties note, however, that such designation may be made at the Court's discretion under these circumstances, where the claims are not identical between the two

cases.[1]  "The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned," *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (3-judge calendar committee), and the related case rule involves the balancing of competing interests:

> The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping. The exception to the general rule, contained in LCvR 40.5, rests primarily on considerations of judicial economy.

*Id.*  Applying these principles, this Court has rejected the suggestion that cases with overlapping claims are always related, even if, at some "level of generality," the cases could be construed to involve "an identical challenge to [government action] and seek[] identical relief."  *Washington Alliance of Technology Workers ("WATW) v. U.S. Department of Homeland Security*, 2016 WL 11184186 at *2, Case No. 16-cv-1170 (D.D.C. June 24, 2016).

Dated: January 29, 2019                           Respectfully submitted,

                                                  JOSEPH H. HUNT
                                                  Assistant Attorney General

                                                  JOHN R. TYLER
                                                  Assistant Branch Director


                                                  /s/
                                                  ERIC J. SOSKIN (PA Bar #200663)
                                                  Senior Trial Counsel

---

[1] This case includes both claims that overlap with those in *Guedes* (*e.g.*, the challenge in this case to Acting Attorney General Whitaker's designation), and claims that are unique to this action (Plaintiffs' Takings Clause challenge).

        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        1100 L Street, NW Rm. 12002
        Washington, DC 20530
        Telephone: (202) 353-0533
        Fax: (202) 616-8470
        Email: Eric.Soskin@usdoj.gov
        *Counsel for Defendants*

        */s/ Stephen D. Stamboulieh*
        Stephen D. Stamboulieh
        Stamboulieh Law, PLLC
        P.O. Box 4008
        Madison, MS 39130
        (601) 852-3440
        stephen@sdslaw.us
        DC District Court Bar# MS0009

        */s/ Alan Alexander Beck*
        Alan Alexander Beck
        Law Office of Alan Beck
        2692 Harcourt Drive
        San Diego, CA 92123
        (619) 905-9105
        Alan.alexander.beck@gmail.com
        DC District Court Bar# HI001