## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID CODREA, *et al.*,

          *Plaintiffs*,

    v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

          *Defendants.*

No. 18-cv-03086 (DLF)

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs David Codrea's and Owen Monroe's Motion for Attorneys' Fees and Costs, Dkt. 63. For the reasons that follow, the Court will deny the motion.

### I.    BACKGROUND

After a mass shooting in Las Vegas, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) reexamined its past classifications of bump stocks under federal law. In December 2018, ATF issued the Final Rule, which set forth the agency's interpretation of the terms "automatically" and "single function of the trigger" in federal firearms law, classified bump stocks as machineguns, and overruled ATF's prior classification decisions treating bump stocks as unregulated firearms parts. *See* Bump-Stock-Type Devices, 83 Fed. Reg. 66,514, 66,516, 66,531 (Dec. 26, 2018).

Shortly thereafter, the plaintiffs filed this action for declaratory and injunctive relief, arguing that ATF issued the Final Rule in excess of its statutory authority. Compl., Dkt. 1. On February 25, 2019, this Court denied the plaintiffs' motion for a preliminary injunction. *Guedes v. ATF (Guedes I)*, 356 F.Supp.3d 109, 155 (D.D.C. 2019). Applying the then-familiar *Chevron*

framework, the Court held, among other things, that ATF had reasonably interpreted "single function of the trigger" and "automatically" in light of their ordinary meaning.  *Id.* at 120.  The Court further held that the agency had reasonably applied those definitions in concluding that bump stocks permit a shooter to discharge multiple rounds automatically with a single function of the trigger.  *Id*.

On appeal, the D.C. Circuit affirmed.  *See Guedes v. ATF (Guedes II)*, 920 F.3d 1, 35 (D.C. Cir. 2019).  Both parties moved for summary judgment, and the Court granted the defendants' motion.  Order, Dkt. 50.  The plaintiffs then appealed their takings claim to the Federal Circuit. Notice of Appeal, Dkt. 52.  Before briefing began in the Federal Circuit, the plaintiffs' appeal was stayed pending further proceedings in *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc). *See Codrea v. Garland*, No. 21-1707, 2024 WL 3491278, at *1 (Fed. Cir. July 22, 2024).

The Supreme Court decided *Cargill v. Garland* on June 14, 2024.  *See* 602 U.S. 406 (2024). The Court held that ATF had exceeded its statutory authority by issuing the Rule classifying bump stocks as machineguns under 26 U.S.C. § 5845(b).  *See id.* at 415.  It held that a semiautomatic rifle equipped with a bump stock is not a "machinegun" under § 5845(b) because: (1) it cannot fire more than one shot "by a single function of the trigger"; and (2) even if it could, it would not do so "automatically." *Id.*

Thereafter, the Federal Circuit vacated this Court's order and opinion on summary judgment and remanded the matter for further proceedings.  *See* Fed. Cir. Mandate, Dkt. 54.  After the parties were unable to reach a resolution in negotiations, the Court entered final judgment for the plaintiffs on December 30, 2024, declaring that the Rule "was issued in excess of ATF's statutory authority and is therefore unlawful."  Order at 1, Dkt. 62 (citing *Cargill*, 602 U.S. at 415).

The Court further dismissed the plaintiffs' Fifth Amendment takings claim and Due Process claim without prejudice. *Id.*

On January 25, 2025, the plaintiffs filed the instant motion for attorneys' fees and costs under Rule 54(d) of the Federal Rules of Civil Procedure and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Fees Mot., Dkt. 63. The plaintiffs seek an award of $77,102.76 in attorneys' fees and $4,138.18 in costs and expenses, for a total of $81,240.94. *Id.* at 9–10.

## II.    LEGAL STANDARDS

Under Rule 54, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless substantive law requires [otherwise]." Fed. R. Civ. P. 54(d)(2)(A). A party that wins a judgment against the United States may recover attorney's fees pursuant to the EAJA.[1] *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005). "[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the [agency's] position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) . . . that any fee application be submitted to the court within 30 days of final judgment in the action . . . ." *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)–(B)).

The party bearing the burden of proof under the EAJA depends on which part of the analysis is at issue. The party seeking fees has an initial burden to demonstrate its "status as a prevailing party" and its compliance with the statutory deadline. *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005). After the fee-seeking party does so, the burden shifts to the

---

[1] The Act defines a "party" to include "any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed," with an exemption from the net-worth provision for registered 501(c)(3) organizations. 28 U.S.C. § 2412(d)(2)(B).

agency, which must show that "its legal position was substantially justified or that special circumstances exist making an award unjust." *Id.* (citation modified).  Finally, the fee-seeking party bears the burden of establishing the reasonableness of its fee request.  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

"If the court finds that all four factors are met, it remains for the district court to determine what fee is reasonable."  *MomoCon, LLC v. Small Bus. Admin.*, No. 21-cv-2386 (RC), 2024 WL 4869253, at *3 (D.D.C. Nov. 22, 2024) (quoting *Jean*, 496 U.S. at 161) (citation modified).  The court must disallow claims for "'excessive, redundant, or otherwise unnecessary' charges."  *Wash. All. of Tech. Workers v. DHS*, 857 F.3d 907, 910 (D.C. Cir. 2017) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "[T]he determination of how much to trim from a claim for fees is committed to the district court's discretion."  *Id.* at 910–11 (citing *Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (citation modified)).

## III.    ANALYSIS

### A.    Prevailing Party

To be a prevailing party,[2] "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief."  *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23–24 (D.C. Cir. 2015) (quoting *Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 15 (D.C. Cir. 2010)).  "For a court order to sufficiently alter the legal relationship of

---

[2] Here, there is no dispute that the plaintiffs meet the income and resource eligibility requirements under EAJA.  At the time this case was filed, the plaintiffs' income did not exceed $2,000,000, and they do not own a business or organization that has a net worth over $7,000,000 or more than 500 employees.  Fees Mot. Exs. 1–2, Dkts. 63-3, 63-4; *see* 28 U.S.C. § 2412(d)(2).

parties, the order must require a concrete action, or cessation of an action, on the part of the non-prevailing party." *Am. Great Lakes Ports Ass'n v. Zukunft*, No. 16-cv-1019 (RC), 2021 WL 878891, at *3 (D.D.C. Mar. 9, 2021) (citation modified). The claimant bears the burden of establishing that he is the prevailing party. *Turner v. D.C. Bd. of Elections & Ethics*, 354 F.3d 890, 895 (D.C. Cir. 2004).

Here, the Court entered final judgment for plaintiffs and granted them relief by declaring that the Rule "was issued in excess of ATF's statutory authority and is therefore unlawful." Order at 1, Dkt. 62 (citing *Cargill*, 602 U.S. at 415). The agency had already returned the plaintiffs' previously surrendered bump stocks to them. Fees Mot. at 6. Thus, the plaintiffs squarely qualify as prevailing parties. *See Zukunft*, 2021 WL 878891, at *3.

### B.    Substantial Justification

Even though the plaintiffs are prevailing parties, they are not entitled to fees if ATF's position was substantially justified. *Jean*, 496 U.S. at 160. An agency's position is "substantially justified" if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *LePage's 2000, Inc. v. Postal Regul. Comm'n*, 674 F.3d 862, 866 (D.C. Cir. 2012) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). While an agency must do more than show that its position was "merely undeserving of sanctions for frivolousness," *Pierce*, 487 U.S. at 566, it need not "establish that it was correct," *Air Transp. Ass'n of Can. v. FAA*, 156 F.3d 1329, 1332 (D.C. Cir. 1998). Rather, the agency must show that its position was "one that 'a reasonable person could think . . . correct, that is, [that the position] has a reasonable basis in law and fact.'" *Id.* (quoting *Pierce*, 487 at 566 n.2 (1988)). "[D]efects common to positions that are not substantially justified" include those "flatly at odds with the controlling case

law," *Hill v. Gould,* 555 F.3d 1003, 1008 (D.C. Cir. 2009) (citation modified), or "in the face of an unbroken line of authority," *id.* (citation modified).

When an agency's position has been rejected by the D.C. Circuit or Supreme Court, the "inquiry into the reasonableness of the Government's position under the EAJA may not be collapsed into [the] antecedent evaluation of the merits, for the EAJA sets forth a distinct legal standard." *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 595 (D.C. Cir. 1996) (citation modified). Accordingly, "the district court must analyze the merits [of the deciding court's] reasoning to determine whether the [agency's] position, though rejected, was substantially justified." *Halverson v. Slater*, 206 F.3d 1205, 1209 (D.C. Cir. 2000). The Court must "analyze *why* the [agency's] position failed in court: if, for example, the [agency] lost because it vainly pressed a position 'flatly at odds with the controlling case law,' that is one thing; quite another if the [agency] lost because an unsettled question was resolved unfavorably." *Taucher*, 396 F.3d at 1175 (citation modified).

Applying those standards, the Court concludes that ATF's position was substantially justified. When the agency adopted the Rule in 2018, the proper interpretation of 26 U.S.C. § 5845 was unsettled, and the agency had a reasonable basis in law and fact to conclude bump stocks fell within the statute's purview. "[N]either the National Firearms Act nor the Gun Control Act defines 'automatically' or 'single function of the trigger.'" *Gun Owners of Am. v. Garland*, 19 F.4th 890, 905 (6th Cir. 2021). While there was some relevant judicial precedent interpreting those phrases, none was directly on point. *See, e.g.*, *Staples v. United States*, 511 U.S. 600, 602 n.1 (1984); *Akins v. United States*, 312 F. App'x 197, 201 (11th Cir. 2009). Thus, this was not a situation where ATF was acting "flatly at odds with controlling case law" or "in the face of an unbroken line of authority." *Hill,* 555 F.3d at 1008 (citation modified). Rather, it was an "unsettled question" of

law as to whether bump stocks fell within the boundaries of the statutory phrases. *Taucher*, 396 F.3d at 1174.

Acting under its general rulemaking authority in 18 U.S.C. § 926(a), ATF promulgated the Rule to update its interpretation of those two Congressionally undefined terms in the wake of the Las Vegas mass shooting in 2017. *See* Bump-Stock-Type Devices, 83 Fed. Reg. at 66553. Finding that its prior interpretations of those terms lacked "extensive legal analysis of the statutory terms 'automatically' or 'single function of the trigger,'" *id.* at 66516, the agency consulted dictionary definitions, judicial precedent, and legislative history to develop interpretations it thought would better "accord with the plain meaning of those terms," *id.* at 66527. The agency drew on *Staples*, which explained the words "automatic" and "fully automatic" refer to "a weapon that fires repeatedly with a single pull of the trigger," 511 U.S. at 602 n.1. Similarly, it relied on *Akins*, which had concluded that the agency's prior interpretation "that the phrase 'single function of the trigger,' meant 'single pull of the trigger' was consonant with the statute and its legislative history," 312 F. App'x at 200. ATF therefore interpreted the phrase "single function of the trigger" to mean a "single pull of the trigger and analogous motions." Bump-Stock-Type Devices, 83 Fed. Reg. at 66,553. And it interpreted "automatically" to mean "functioning as the result of a self-acting or self-regulating mechanism that allows the firing of multiple rounds through a single function of the trigger." *Id.* The agency concluded that bump stocks satisfy those definitions because, in the agency's view, they enable "a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semi-automatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter." *Id.* at 66,553–54. Drawing on relevant, but not directly

on-point case law, the agency offered a reasonable interpretation on an unsettled question of law. *Taucher*, 396 F.3d at 1174.

That the agency changed its view on how bump stocks interacted with the statutory text does not mean its position was not substantially justified. *Contra* Fees Mot. at 6–8. "Agencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016). "In such cases it is not that further justification is demanded by the mere fact of policy change; but that a reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy." *FCC v. Fox Television Stations, Inc.,* 556 U.S. 502, 515–16 (2009). As this Court found, the agency's change in position was not arbitrary and capricious because it provided the necessary reasoned explanation for the change. *See Guedes I*, 356 F. Supp. 3d at 133–37. The D.C. Circuit agreed. *Guedes II*, 920 F.3d at 34. And while the Supreme Court disagreed with the agency as a matter of statutory interpretation, it did not hold that its change in position was arbitrary and capricious. *See Cargill*, 602 U.S. at 415 (holding ATF "exceeded its statutory authority" by issuing the Rule).

Similarly, that the Supreme Court rejected ATF's statutory interpretation does not, on its own, render the government's position not substantially justified. The "inquiry into the reasonableness of the Government's position under the EAJA may not be collapsed into [the] antecedent evaluation of the merits, for the EAJA sets forth a distinct legal standard." *Magaw*, 102 F.3d at 595. Instead, a court "must analyze the merits [of the Court's] reasoning to determine whether the [agency's] position, though rejected, was substantially justified." *Halverson*, 206 F.3d at 1209.

In rejecting ATF's interpretation of the statute, the Supreme Court found unpersuasive the agency's understanding of a "single function of the trigger" to mean "'a single pull of the trigger' but also 'any analogous motions.'"  *Cargill*, 602 U.S. at 423 (citation modified).  The Court determined that interpretation rested on a "mistaken premise"—namely, "that there is a difference between [a] shooter flexing his finger to pull the trigger and pushing the firearm forward to bump the trigger against his stationary finger" when using a bump stock.  *Id.*  The Court similarly rejected ATF's focus on the function of the trigger that "initiates . . . a firing sequence" rather than one that "continues" a sequence.  *Id.* at 423.  The Court further rejected ATF's interpretation of "automatically," holding that a shooter using a mechanical bump stock must maintain forward on the front grip—*i.e.*, additional manual input beyond engaging the trigger—to fire more than one shot, thus rendering mechanical bump stocks inconsistent with the statutory definition of machineguns.  *Id.* at 424–27.  The Court was unpersuaded by the agency's presumption-against-ineffectiveness argument, concluding the statute was not rendered ineffective simply because it did not cover a circumstance that the agency thought it did.  *Id.* at 427–28.  In dissent, several justices concluded that the plain meaning of the statute, as well as the presumption-against-ineffectiveness canon and prior precedent involving similar devices, supported the government's interpretation.  *Id.* at 430–446 (Sotomayor, J., joined by Kagan and Jackson, JJ., dissenting).

The relevant question is "not what the law now is, but what the [agency] was substantially justified in believing it to have been."  *Pierce*, 487 U.S. at 561.  And if there were any doubt remaining whether ATF's position was substantially justified at the time, the numerous closely split panel and en banc decisions from courts of appeals across the country—including several decisions adopting the government's position—put any such doubt to rest.  *See, e.g.*, *Guedes II*, 920 F.3d at 28–32 (divided panel affirming denial of preliminary injunction), *cert. denied*, 140 S.

Ct. 789 (2020); *Aposhian v. Barr*, 958 F.3d 969, 974 (10th Cir. 2020) (divided panel affirming denial of preliminary injunction), *vacated on reh'g*, 973 F.3d 1151, 1151 (10th Cir. 2020), *reinstated*, 989 F.3d 890, 891 (10th Cir. 2021) (divided en banc vote reinstating order denying preliminary injunction with three written dissents); *Cargill v. Garland*, 57 F.4th 447, 450 (5th Cir. 2023) (en banc) (holding bump stock does not fit under statutory definition of "machinegun" based on rule of lenity) (only plurality agreeing statute unambiguously excluded bump stocks), *aff'd on other grounds,* 602 U.S. at 415; *Gun Owners of America, Inc. v. Garland*, 992 F.3d at 446 , 450 (6th Cir. 2021) (divided panel holding Rule unlawful), *aff'd on reh'g by an equally divided en banc court*, 19 F.4th at 895–96. As the Supreme Court explained, its intervention was necessary to resolve "a split among the Courts of Appeals regarding whether bump stocks meet [26 U.S.C.] § 5845(b)'s definition." *Cargill*, 602 U.S. at 415. The Supreme Court ultimately "h[e]ld that it does not," *id.* at 410, and "ATF therefore exceeded its statutory authority by issuing a Rule that classifies bump stocks as machineguns," *id.* at 415. But even that conclusion was not unanimous. *See id.* at 429 (Sotomayor, J., joined by Kagan and Jackson, JJ., dissenting).

Such widespread, thoughtful disagreement among jurists across the Courts of Appeals and at the Supreme Court is "particularly persuasive evidence of substantial justification." *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 636 (D.C. Cir. 2014) (upholding district court finding of substantial justification where "several circuit judges agreed with the government and dissented from" decisions ruling against the government). That is not to say that "an earlier dissent . . . conclusively show[s] the government's position was substantially justified." *Id.* But "prior dissents" and other opinions taking the government's position "are still properly considered when conducting the substantial justification inquiry." *Id.* (citation modified). That "a significant number of reasonable jurists . . . reached diametrically opposed conclusions as to

whether the definition of a machinegun includes a bump stock," *Hardin v. ATF*, 65 F.4th 895, 898 (6th Cir. 2023), confirms that ATF's position, though ultimately erroneous, was substantially justified, *see, e.g.*, *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1090 (9th Cir. 2022) (noting "disagreement among the district, three-judge panel, and en banc panel judges" supported conclusion that government position was substantially justified); *Perez v. Jaddou*, 31 F.4th 267, 272 (4th Cir. 2022) (noting "it is certainly more likely . . . where no fewer than seven federal judges agreed with the government [] that the position of the [agency] was substantially justified"). The agency has thus met its burden of demonstrating its position was substantially justified, through ultimately incorrect on the merits.  As a result, the plaintiffs are not entitled to fees under the EAJA.  *See Gun Owners of Am. v. Garland*, 18-cv-1429 (PLM), 2025 WL 920671, at *8 (W.D. Mich. Jan. 23, 2025).

Accordingly, it is

**ORDERED** that the plaintiffs' Motion for Attorneys' Fees and Costs, Dkt. 63, is DENIED.

**So Ordered.**

DABNEY L. FRIEDRICH
United States District Judge

July 29, 2025

11